Charles J. Peterson, Attorney 2429
Mackoff Kellog Law Firm
38 Second Avenue East
Dickinson, ND 58601
Ph:   (701) 456-3210
Fax:  (701) 227-4739
cpeterson@mackoff.com
Attorney for Defendants,
OCWEN FINANCIAL SERVICES,
INC. and OCWEN LOAN
SERVICING, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## JAMES F. BATTIN COURTHOUSE

| | |
|---|---|
| ALICIA LANG,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>OCWEN FINANCIAL SERVICES, INC., OCWEN LOAN SERVICING, LLC; and all other persons, unknown, claiming or who might claim any right, title, estate, or interest in or lien or encumbrance upon the real property described in the complaint adverse to plaintiff's ownership or any cloud upon plaintiff's title, whether the claim or possible claim is present or contingent,<br>　　　　　　Defendants. | CASE NO.: 1:10-cv-00151-RFC-CSO<br><br>HON. Richard F. Cebull<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Request for Judicial Notice filed concurrently herewith]**<br><br>DATE:<br>TIME:<br>COURTROOM.: |

---

NOTICE OF MOTION TO DISMISS

1

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on _____, 2010 at 10:00 a.m. or as soon thereafter as may be heard, in Courtroom ___ of the above-entitled Court located at 316 North 26th Street in Billings, Montana 95814, Defendants OCWEN FINANCIAL SERVICES, INC. and OCWEN LOAN SERVICING, LLC ("Defendants") will and hereby do move this Court for an order dismissing, with prejudice, Plaintiff's claims for quiet title, violation of the Montana Unfair Trade Practices and Consumer Protection Act, violation of the Fair Debt Collection Practices Act, and malicious and fraudulent conduct.

This Motion is made and based upon Rule 12(b)(6) of the Federal Rules of Civil Procedure, and is based on the grounds that Plaintiff fails to state a claim upon which relief may be granted and the Complaint is barred as a matter of law against Defendants.

This Motion is based upon this Notice, the attached Memorandum of Points and Authorities, and upon all papers and documents on file herein, the Court's files concerning this action, together with those facts and documents of which the parties request judicial notice and/or matters which judicial notice is proper, as well as any oral argument that may be

presented at the time of the hearing.

DATED: November 19, 2010

                                    MACKOFF KELLOG LAW FIRM
                                    Attorney for Defendants, OCWEN
                                    FINANCIAL SERVICES, INC. and
                                    OCWEN LOAN SERVICING, LLC

                                    /s/ Charles J. Peterson
                                    Charles J. Peterson, Attorney # 2429

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I. **INTRODUCTION**

Alicia Lang ("Plaintiff") filed this action to contest the foreclosure proceedings and her loan. To assist Plaintiff, Defendant Ocwen Loan Servicing, LLC ("Ocwen") canceled the foreclosure proceedings. Further, **prior** to the lawsuit being filed, Ocwen sent Plaintiff a loan modification proposal. Ocwen offered to reduce Plaintiff's interest rate to 5.500% and offered to reduce Plaintiff's monthly payment. Nevertheless, Plaintiff persists with this lawsuit.

In response to Plaintiff's allegations, Ocwen brought this Motion to Dismiss because, in addition to the fact that Plaintiff's contentions lack of merit, Plaintiff's claims for quiet title, violation of the <u>Montana Unfair Trade Practices and Consumer Protection Act</u>, violation of the <u>Fair Debt Collection Practices Act</u>, ("FDCPA") and for malicious and fraudulent conduct are procedurally defective and cannot be stated.[1]  Plaintiff's second claim for quiet title fails because it is premature. The Notice of Trustee's Sale was rescinded and the recording of the now canceled Notice of Trustee's Sale did not cloud Plaintiff's title. Plaintiff's third claim for

---

[1] This motion to dismiss is not directed at Plaintiff's first claim for declaratory and injunctive relief, which has been properly pled.

violation of the <u>Montana Unfair Trade Practices and Consumer Protection Act</u> fails because Plaintiff has not alleged any facts that would demonstrate a wrongful conduct by Defendants Ocwen Financial Services, Inc. and Ocwen Loan Servicing, LLC ("Defendants.") Plaintiff's fourth claim for violation of the FDCPA fails because Defendants are not considered "debt collectors" within the meaning of the FDCPA and because the activity of foreclosing on real property pursuant to a deed of trust is not, as a matter of law, considered as debt collection under the Act. Plaintiff's fifth claim for malicious and fraudulent conduct fails because Plaintiff has not alleged the claim with particularity required by <u>Federal Rules of Civil Procedure</u>, Rule 9(b). Accordingly, for the reasons set forth below, the Court should grant Defendants' Motion in its entirety and should dismiss, with prejudice, Plaintiff's above referenced claims.

## II.  STATEMENT OF FACTS

On July 5, 2007, Plaintiff executed a Deed of Trust and the Note in favor of Yellowstone Bank, the lender, to obtain a loan in the amount of $116,000 that was secured by the real property located at 2403 Woody Drive in Billings, Montana ("Property.") (First Amended Complaint ["FAC,"] ¶4; Exh. 1; Request for Judicial Notice ["RJN,"] Exh. A.)

Thereafter, the beneficial interest under the Deed of Trust and was

transferred to Taylor, Bean & Whitaker Mortgage Corporation ("TBWMC.") (FAC, ¶5.) After TBWMC filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida[2], servicing rights to Plaintiff's loan were transferred to Central Loan Administration and Reporting ("Cenlar.") (FAC., ¶8.)

In paragraph 10 of the First Amended Complaint, Plaintiff quotes from a part of an email that she sent to Ocwen on September 24, 2010. However, in her quote, Plaintiff omits important information that is contained in the email. The email also reflects that Plaintiff stopped making payments on her loan in January, 2010. In the email, Plaintiff also acknowledges that after Ocwen acquired servicing rights to Plaintiff's loan, Ocwen considered Plaintiff's loan for a modification under the federal Home Affordable Modification Program ("HAMP.") However, based on the financial information, Plaintiff did not meet the qualification requirements set forth by the federal government.[3] Therefore, Ocwen denied Plaintiff's application.

---

[2] Case No. 3:09-bk-07047-JAF.

[3] To qualify for a HAMP modification, the borrower's mortgage payment must be more than thirty-one percent (31%) of the borrower's current gross income. This and other eligibility requirements for a HAMP modification are posted on the Making Home Affordable website at http://makinghomeaffordable.gov/modification_eligibility.html.

Nevertheless, Ocwen did consider Plaintiff's loan for an in-house, non-HAMP modification and determined that the loan qualified for a non-HAMP modification. On September 27, 2010, Ocwen presented Plaintiff with a non-HAMP modification offer. Upon filing of the Complaint by Plaintiff on October 12, 2010, Ocwen instructed the foreclosure trustee to cancel the Notice of Trustee's Sale, which the foreclosure trustee did by recording a Cancellation of Notice of Trustee's Sale on October 18, 2010. (RJN, Exh. B.)

## III. PLAINTIFF'S SECOND CLAIM FOR QUIET TITLE FAILS BECAUSE IT IS PREMATURE AS FORECLOSURE HAS BEEN CANCELLED

The Court should dismiss Plaintiff's second claim for quiet title because the basis for Plaintiff's claim no longer exists as Ocwen cancelled the foreclosure proceedings and rescinded the Notice of Trustee's Sale. Plaintiff's claim also fails because Plaintiff has not alleged the elements of the claim and because Plaintiff is not entitled to cancel the lien secured by the Property.

### A. Plaintiff's Claim Is Premature Because Foreclosure Has Been Cancelled And Because Notice Of Trustee's Sale Does Not Cloud Plaintiff's Title

Plaintiff's claim for quiet title is subject to this Motion because Plaintiff has not alleged any facts demonstrating Plaintiff's title to the Property. It is well established that a plaintiff asserting a claim for quiet title must allege facts demonstrating plaintiff's title to the real property. Tiffany v. Uhde, 123 Mont. 507, 512 (Mont. 1950). *See also*, 65 Am. Jur. 2d Quieting Title §69. In her FAC, Plaintiff has not alleged any facts to demonstrate Plaintiff's title. (*See*, Cplt., ¶¶27-32.) Therefore, Plaintiff's claim is defective and is subject to this Motion.

More importantly, however, Plaintiff's claim fails because it is premature. Plaintiff bases her claim, in part, on the recording of the Notice of Trustee's Sale by Mr. Peterson. (Cplt., ¶¶27, 28.) However, Ocwen rescinded the Notice of Trustee's Sale, Mr. Peterson recorded a Cancellation of Notice of Trustee's Sale, and there is no pending foreclosure proceeding. (RJN, Exh. B.) Therefore, Plaintiff's claim fails.

Plaintiff's claim also fails because a recording of the Notice of Trustee's Sale did not create a cloud on Plaintiff's title. The recording of foreclosure notices is not sufficient to maintain a claim for quiet title because foreclosure notices do not affect Plaintiff's title, ownership, or possession in the Property. *See*, e.g., Ortiz v. Accredited Home Lenders, Inc., 639 F.Supp.2d 1159, 1168 (S.D.Cal., 2009); Watts v. Decision One

Mortgage Co., LLC, 2009 WL 648669, *5 (S.D.Cal., 2009). Therefore, because recording of the Notice of Trustee's Sale did not affect Plaintiff's title, Plaintiff's claim fails and should be dismissed with prejudice.

### B. The Court Should Not Allow Plaintiff To Cancel The Lien Secured By The Property Without An Allegation Of Repayment Of The Amount Borrowed By Plaintiff

The Court should also dismiss Plaintiff's claim because Plaintiff should not be permitted to cancel the lien secured by the Property without making an allegation of repayment of money that Plaintiff borrowed from the original lender.

An action to quiet title is an action in equity. Milanovich v. Janicich, 305 Mont. 533, *2 (Mont., 2001). In Montana, one who seeks equity must do equity. McCord v. First Equity Ranches, 300 Mont. 546, *7 (Mont., 2000). Where a borrower seeks to quiet title to real property against the beneficiary, the borrower must repay the money that he/she borrowed before voiding the security for the loan. Chavez v. Bank of America, N.A., 2010 WL 1854087, *16 (E.D.Cal., 2010); see also, Eason v. IndyMac Bank, FSB, 2010 WL 4573270, *3 (D.Ariz., 2010); Watson v. MTC Financial, Inc., 2009 WL 2151782 (E.D.Cal., 2009). "A basic requirement of an action to quiet title is an allegation that plaintiffs' are the rightful owners of the

property, i.e., that they have satisfied their obligations under the Deed of Trust.'" Santos v. Countrywide Home Loans, 2009 WL 3756337, at *4 (E.D.Cal., 2009).

Here, Plaintiff has not alleged that she has or is willing to tender amount of the debt secured by the loan; Plaintiff alleges only that she is the owner of the Property. (See, e.g., FAC, ¶31.) Plaintiff's claim fails and is subject to this Motion to Dismiss.

## IV. **PLAINTIFF'S THIRD CLAIM FOR VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT FAILS BECAUSE PLAINTIFF HAS NOT ALLEGED ANY FACTS TO DEMONSTRATE A PURPORTED WRONGFUL CONDUCT BY DEFENDANTS**

The Court should dismiss Plaintiff's third claim for violation of Montana Unfair Trade Practices and Consumer Protection Act because Plaintiff has not alleged any facts demonstrating any improper conduct by Defendants.

As explained by the United States Supreme Court in Ashcroft v. Iqbal, a plaintiff must plead more than labels and conclusions and must provide more than a formulaic recitation of elements of cause of action that is devoid of factual enhancement to survive a motion to dismiss. See,

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

Montana Unfair Trade Practices and Consumer Protection Act, MT ST 30-14-101 et seq., protects the public from unfair or deceptive practices. Tripp v. Jeld-Wen, Inc., 327 Mont. 146, 156 (Mont., 2005). Yet, Plaintiff has not alleged any facts to demonstrate that Defendants engaged in unfair or deceptive practices. Plaintiff has not alleged which statutes Defendants' allegedly violated, how and by whom they were violated. Plaintiff merely asserted the "defendant unlawfully harmed me" accusation that was disapproved by the Ashcroft court. Ashcroft, 129 S.Ct. at 1949. Accordingly, Plaintiff's claim fails and should be dismissed.

## V. PLAINTIFF'S FOURTH CLAIM FOR VIOLATION OF THE FDCPA FAILS BECAUSE, CONTARY TO PLAINTIFF'S ALLEGATIONS, DEFENDANTS ARE NOT DEBT COLLECTORS WITHIN THE MEANING OF THE ACT

Plaintiff's fourth claim for violation of the FDCPA fails as a matter of law because Ocwen is not considered a debt collector within the meaning of the statute.

To be subject to a claim under the FDCPA, a defendant must be a "debt collector" as defined by the acts. Heintz v. Jenkins, 514 U.S. 291, 294 (1995). A debt collector is any person who "regularly collects or

attempts to collect, directly or indirectly, debts owned or due or asserted to be owed or due to another." 15 U.S.C., §1692a(6).

The courts throughout the country have held that mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA. See, e.g., Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir., 1985); Caballero v. Ocwen Loan Servicing, 2009 WL 1528128, *1 (N.D.Cal., 2009); Kellers v. Ocwen Loan Servicing, LLC, 2009 WL 2899813, *2 (D.Or., 2009); Cruz v. Mortgage Lenders Network, USA, 2010 WL 3745932, *4 (S.D.Cal., 2010).

Further, legislative history of the FDCPA lends support for the proposition that mortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of "debt collector." Perry, 756 F.2d at 1208.; see also, S. Rep. No. 95-382, at 3-4 (1977), U.S.Code Cong. & Admin.News 1977, pp. 1695, 1698 ("[T]he committee does not intend the definition [of debt collector] to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; [or] mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing[.]")

Here, Plaintiff has not alleged any facts to support her claim that Defendants are debt collectors as defined by the statute. Therefore, because Plaintiff has not provided any factual support for her assertion, and because, as indicated above, Defendants cannot be considered as debt collectors within the meaning of the Act, Plaintiff's claim fails.

In addition, Plaintiff's claim fails because it stems from the allegations of non-judicial foreclosure on the Property. (*See*, FAC, ¶¶39, 41, and 43). However, foreclosing on a real property pursuant to a deed of trust is not considered debt collection within the meaning of the FDCPA. Hulse v. Ocwen Federal Bank, FSB, 195 F.Supp.2d 1188, 1204 (D.Or., 2002); Mansour v. Cal-Western Reconveyance Corp., 618 F.Supp.2d 1178, 1182 (D.Ariz. Apr 21, 2009). As explained by the Hulse court:

> Foreclosing on a trust deed is distinct from the collection of the obligation to pay money. The FDCPA is intended to curtail objectionable acts occurring in the process of collecting funds from a debtor. But, foreclosing on a trust deed is an entirely different path. Payment of funds is not the object of the foreclosure action. Rather, the lender is foreclosing its interest in the property. Hulse v, 195 F.Supp.2d at 1204.

Accordingly, because the actions complained of by Plaintiff are not, as a matter of law, considered to be debt collection within the meaning of the FDCPA, Plaintiff's claim fails and should be dismissed with prejudice.

## VI. PLAINTIFF'S SIXTH CLAIM FOR MALICIOUS AND FRAUDULENT CONDUCT FAILS BECAUSE PLAINTIFF HAS NOT ALLEGED HER CLAIM WITH THE REQUIRED PARTICULARITY

The Court should dismiss Plaintiff's claim for fraud because Plaintiff has not alleged her claim with the particularity required by the Federal Rules of Civil Procedure, Rule 9(b). Rule 9(b) provides that "[i]n alleging fraud ... a party must state with particularity the circumstances constituting fraud ...." "To meet the Rule 9(b) particularity requirement, a plaintiff must set forth more than the neutral facts necessary to identify the transaction. The plaintiff must set forth what is false or misleading about a statement, and why it is false." Orthologic Corp. v. Columbia/HCA Healthcare Corp., 2002 WL 1331735 at *2 (D.Ariz., 2002) [citing Yourish v. California Amplifier, 191 F.3d 983, 993 (9th Cir., 1999)]. A plaintiff must also "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Schreiber Distrib. Co. v. ServWell Furniture Co., 806 F.2d 1393, 1401 (9th Cir.1986). In other words, the plaintiff must include "the who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, Plaintiff has not satisfied the strict pleading requirements of Rule 9(b). Plaintiff has not even attempted to allege the elements of the claim.[4] Plaintiff has not alleged what statements Plaintiff considers to be false and has not explained why these statements are false. Plaintiff has not satisfied the who, what, when, where, and how pleading requirement. Accordingly, Plaintiff's claim fails and should be dismissed.

## VII. **CONCLUSION**

For all the foregoing reasons, Defendants request that the Court grant this Motion to Dismiss in its entirety and that the Court dismiss, with prejudice, Plaintiff's quiet title, violation of the Montana Unfair Trade Practices and Consumer Protection Act, violation of the FDCPA, and for malicious and fraudulent conduct.

DATED: November 19, 2010

---

[4] In order to prove fraud, the plaintiff must establish nine elements: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be relied on; (6) the hearer's ignorance of falsity of the representation; (7) the hearer must rely on the representation; (8) the hearer's right to rely on the representation; and (9) consequent and proximate injury caused by reliance on the representation. Bartlett v. Allstate Ins. Co., 280 Mont. 63, 71 (Mont., 1996).

MACKOFF KELLOG LAW FIRM
Attorney for Defendants, OCWEN
FINANCIAL SERVICES, INC. and
OCWEN LOAN SERVICING, LLC

/s/ Charles J. Peterson
Charles J. Peterson, Attorney # 2429