IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ALICIA LANG,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>OCWEN FINANCIAL<br>SERVICES, INC., OCWEN<br>LOAN SERVICING, LLC, et al.,<br><br>　　　　　　Defendants. | CV 10-151-BLG-RFC-CSO<br><br><br>**FINDINGS AND<br>RECOMMENDATIONS OF<br>UNITED STATES<br>MAGISTRATE JUDGE** |

Plaintiff Alicia Lang ("Lang") filed this action against Ocwen
Financial Services, Inc., and Ocwen Loan Servicing, LLC (collectively
"Ocwen") following Ocwen's initiation of an allegedly fraudulent
foreclosure proceeding against her. *Complaint (Court Doc. 1-2)* at ¶ 1.
Lang seeks "declaratory judgment quieting title to the property as well
as monetary damages against [Ocwen] for their misconduct... ." *Court
Doc. 1-2* at ¶ 1. Lang's Complaint asserts five counts:

Count I:　Declaratory Judgment pursuant to §§ 27-8-201, et seq.,
　　　　　MCA;

Count II:　Quiet Title pursuant to §§ 70-28-101 et seq., MCA;

1

Count III:  Violation of the Montana Unfair Trade Practices and
Consumer Protection Act ("MUTP – CPA");

Count IV:  Violation of the Fair Debt Collection Practices Act
"FDCPA") pursuant to 15 U.S.C. §§ 1692, et seq.; and

Count V:   Malicious and Fraudulent Conduct.

Currently pending is Ocwen's motion to dismiss Counts (II)
through (V) under Federal Rule of Civil Procedure 12(b)(6), and its
request that the Court take judicial notice of the "Note" allegedly
executed by Lang on July 5, 2007 (Court Doc. 3-1), and the
"Cancellation of Notice of Trustee's Sale" (Court Doc. 3-2).  *Court Doc. 3.*

## I.   **FACTUAL BACKGROUND**

When considering motions to dismiss under Fed.R.Civ.P. 12(b)(6),
a court must accept as true all well-pleaded allegations of material fact
and construe them in the light most favorable to the nonmoving party.
*Daniels-Hall v. National Educ. Ass'n,* 629 F.3d 992, 998  (9th Cir. 2010).
Accordingly, the Court sets forth below the facts as alleged in the
Amended Complaint.

Lang entered into a consumer loan agreement with Yellowstone
Bank in July 2007.  This loan is secured by Lang's home pursuant to a
Deed of Trust, recorded with the Yellowstone County Clerk and

Recorder on July 10, 2007 (hereafter "Deed of Trust").  The Deed of Trust names Yellowstone Bank as the beneficiary and Stewart Title as the trustee.  *Court Doc. 1-9* at ¶ 4.

Lang's loan was subsequently "owned and/or serviced by Taylor, Bean & Whitaker Mortgage Corporation ("Taylor Bean")."  *Court Doc. 1-9* at ¶ 5.  Taylor Bean declared bankruptcy in early 2009.  Federal law enforcement officers raided Taylor Bean's offices on August 4, 2009, and Taylor Bean was subsequently shut down.  *Court Doc. 1-9* at ¶ 6.  "On August 24, 2009, Taylor Bean's bank accounts were frozen, creating myriad problems in processing borrower payments."  *Court Doc. 1-9* at ¶ 6.  This shutdown "adversely affected Ms. Lang's ability to make her mortgage payments" and Lang could not "figure out how to make her mortgage payments[]" once Taylor Bean's website was shut down.  *Court Doc. 1-9* at ¶ 7.  When Lang inquired about refinancing with another lender, she was "told the lender couldn't even find mortgage information for ... Lang's property."  *Court Doc. 1-9* at ¶ 7.  "Unsure of what to do or where to send her money, Ms. Lang continued to hold her mortgage payment until she knew where to send it."  *Id.*     Lang was then contacted by Cenlar, another mortgage servicing company, in the

3

fall of 2009, regarding her loan.  Cenlar informed Lang that it was now servicing her mortgage.  Lang made three payments to Cenlar.  *Court Doc. 1-9* at ¶ 8.

Subsequently, Lang "received correspondence from Ocwen saying it was now servicing her mortgage" and advising her that "it was a debt collector."  *Court Doc. 1-9* at ¶ 9.  Ocwen also informed Lang that "she was in default and would have to pay more than her regular mortgage payment."  *Id*.  Ocwen is engaged "in the business of subprime mortgage servicing and subservicing in Montana."  *Id*.  Lang repeatedly attempted to "find out who Ocwen was and why they were claiming she was in default" but she received "no satisfactory explanation."  *Id*.  Both Lang and Yellowstone Bank's Senior Vice President, at Lang's request, wrote to Ocwen regarding the manner in which her loan was being handled.  *Court Doc. 1-9* at ¶¶ 10-11.  "[Lang's] efforts to determine her lawful obligation and indebtedness and the identity of her lawful lender and creditor and to tender the undisputed payments to said entity have been thwarted by Ocwen."  *Court Doc. 1-9* at ¶ 25.  Without responding to Lang's concerns, Ocwen instituted foreclosure proceedings.  *Court Doc. 1-9* at ¶ 12.

On April 19, 2010, Ocwen filed a substitution of trustee document with the Yellowstone County Clerk and Recorder's Office by Ocwen. *Court Doc. 1-9* at ¶ 12 (*see Court Doc. 1-9 at 32*).  This document appointed Charles J. Peterson as substitute trustee, represented that Ocwen holds the beneficial interest under the Deed of Trust, and asserted a right to nominate a trustee under the Small Tract Financing Act.  In May 2010,[1] Ocwen filed an affidavit of lost assignment – "purportedly signed under oath by Scott W. Anderson as Executive Vice President of Ocwen Financial Services."  *Court Doc. 1-9* at ¶ 13; *see also Court Doc. 1-9 at 35*.  The signature on the affidavit is not "a full signature," but instead a "squiggle mark."  *Court Doc. 1-9* at ¶ 13.  In the affidavit, Mr. Anderson represents that:

> he has personal knowledge that Yellowstone Bank transferred its interest in the deed of trust to Taylor Bean, but the assignment was lost and never recorded as required under the Small Tract Financing Act.  The affiant further swears that Taylor Bean then assigned its interest in the deed of trust to [Ocwen], but again that assignment was lost and never recorded as required under the Small Tract Financing Act.

_____

[1]Paragraph 13 of the Amended Complaint says that this date is "May of 2009" but this appears to be an error.  Paragraph 13 references Exhibit 3 to the Amended Complaint which reflects that the proper date is May 2010.  *See Court Doc. 1-9 at 35*.

*Id.*

Lang alleges that "Ocwen routinely files affidavits of lost assignment purportedly signed by Scott W. Anderson in this County ..., demonstrating that it routinely institutes foreclosure proceedings without actually maintaining control over the deeds of trust / notes it seeks to foreclose." *Court Doc. 1-9* at ¶ 15.  Others have made allegations that Ocwen forges documents to support and justify its foreclosure activities.  *Court Doc. 1-9* at ¶ 16.  Lang alleges upon information and belief that Scott W. Anderson did not physically sign the Affidavit of Lost Assignment, and that Ocwen "does not possess a beneficial interest in the subject deed of trust."  *Court Doc. 1-9* at ¶¶ 17-19.  Consequently, "they lack the ability to institute foreclosure proceedings under the Montana Small Tract Financing Act."  *Court Doc. 1-9* at ¶ 20.  Lang states that "Ocwen does not possess the requisite legal right to foreclose due to lack of standing and missing, unexecuted, fraudulent and/or defective assignments of the note and/or deed of trust. Ocwen does not own or hold the note and only has, at best, servicing or subservicing rights to the note which rights are dubious in view of the unsubstantiated assignments."  *Court Doc. 1-9* at ¶¶ 23-24.

6

## II.   LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001); *see also Chavez v. Bank of America, N.A.*, 2010 WL 1854087 at *4 (E.D. Cal. 2010) (summarizing the legal standard to be applied to Rule 12(b)(6) motions to dismiss).  It does not necessarily resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.  *Id.*  The defendant bears the burden of proving that the plaintiff has failed to state a claim.  *Anderson v. Fishback*, 2009 WL 2423327 * 2 (E.D.Cal. 2009).

The Court evaluates Rule 12(b)(6) motions to dismiss in light of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  While "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).  "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

action will not do ... ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (citing *Twombly*, 550 U.S. at 570).  A claim is plausible on its face when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citing *Twombly*, 550 U.S. at 556).  The claim need not be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  Facts that are "merely consistent with" a defendant's liability fall short of this standard.  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id*. at 1950.

Furthermore, a complaint need not refute affirmative defenses.  *Jones v. Bock*, 549 U.S. 199, 216-17 (2007); *see also Hollander v. Brown,*

8

457 F.3d 688, 691 n.1 (7th Cir. 2006); *Memphis, Tennessee Area Local,*

*American Postal Workers Union, AFL-CIO v. City of Memphis,* 361 F.3d

898, 902 (6th Cir. 2004).  In *Jones v. Bock*, the Supreme Court stated

that if the allegations of a complaint itself show that relief is barred by

an affirmative defense, the complaint is subject to dismissal for failure

to state a claim.  But "[w]hether a particular ground for opposing a

claim may be the basis for dismissal for failure to state a claim depends

on whether the allegations in the complaint suffice to establish that

ground...." *Id.* at 215.

## III.   DISCUSSION

### A.   Dismissal of Count II:  Quiet Title

#### 1.   Parties' Arguments

Ocwen asserts several bases for dismissing Lang's quiet title

claim.  First, Ocwen argues that Count II must be dismissed because

Lang has not alleged facts demonstrating her title to the real property

at issue.  Next, Ocwen argues that Lang's claim is premature because

foreclosure proceedings have been cancelled and the notice of trustee's

sale has been rescinded, with a cancellation recorded.  In addition,

Ocwen argues that, in any event, a notice of trustee's sale does not

create a cloud on Lang's title or affect her "title, ownership, or possession... ." Therefore, Ocwen contends there is no basis for maintaining a quiet title action. *Court Doc. 3 at 8.*

Ocwen also argues that Lang's quiet title claim must be dismissed because Lang "should not be permitted to cancel the lien secured by the Property without making an allegation of repayment of money that [Lang] borrowed from the original lender." *Court Doc. 3 at 9.* It is Ocwen's position that because Lang has not alleged satisfaction of her obligations under the Deed of Trust, she cannot maintain a quiet title action.

Lastly, Ocwen argues that quiet title is not a proper cause of action here because Ocwen "does not claim legal title to the Property." *Court Doc. 8 at 3.* Ocwen contends that a mortgage creates no estate or interest in the land, and thus Lang's proper claim is for declaratory relief, not quiet title. *Court Doc. 8 at 3-4.* Accordingly, Ocwen argues Count II should be dismissed.

In response, Lang argues that § 70-28-101, MCA, does not require that a homeowner be in foreclosure or "repay the money borrowed under the deed of trust" in order to bring a quiet title action. *Court Doc. 6 at*

*6-7.*  Lang contends that the quiet title statute authorizes actions to remove a cloud to legal title.  Because "Ocwen is not a proper assignee and does not possess legal interest in [Lang's] property," she contends her quiet title action is proper.  *Id.*

## 2.  **Analysis**

In Montana, quiet title actions are authorized under the following circumstances:

> An action may be brought and prosecuted to final decree, judgment, or order by any person or persons, whether in actual possession or not, claiming title to real estate against any person or persons, both known and unknown, who claim or may claim any right, title, estate, or interest therein or *lien or encumbrance* thereon adverse to plaintiff's ownership or any cloud upon plaintiff's title thereto, whether any claim be present or contingent ... .

§ 70-28-101, MCA (emphasis added).  A person meets the criteria set forth in § 70-28-101, MCA, when "he is a person claiming title to real estate against another person ... who claims an interest adverse to his own."  *Sanders v. Yellowstone County*, 915 P.2d 196, 197 (Mont. 1996); *see also Avista Corp., Inc. v. Wolfe*, 549 F.3d 1239, 1246 n.6 (9th Cir. 2008); *In re Turville*, 363 B.R. 167, 171 (D. Mont. 2007) ("[I]n Montana, a person in possession and a person claiming an equitable interest are

entitled to pursue a quiet title action.")

Lang has sufficiently claimed title to the subject property.

Attached to the Amended Complaint, and thus properly considered in

ruling upon the present motion, is the Deed of Trust, which states:

> BORROWER [Alicia Caruso Lang] COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the property against all claims and demands, subject to any encumbrances of record.

*Court Doc. 1-9 at 17.* This adequately claims equitable title to the

property at issue. *Van Vranken v. Granite County*, 90 P. 164, 166

(Mont. 1907) (equitable title sufficient for purposes of quiet title action);

*Polson Sheep Co. v. Owen*, 106 P.2d 181 (Mont. 1940) (equitable title

sufficient to support quiet title action). Additionally, in her Amended

Complaint, Lang described the subject property as "Plaintiff's home,"

*Court Doc. 1-9* at ¶ 3, and alleged that in July 2007 she entered into a

consumer loan agreement secured by her home and property pursuant

to a Deed of Trust, *Court Doc. 1-9* at ¶ 4. Based on these allegations in

the Amended Complaint and its attached exhibit, the Court concludes

that title to the property has sufficiently been claimed.

The Court next must address Ocwen's assertion that a quiet title action cannot be asserted against it because it does not claim legal title and because the cancelled foreclosure does not cloud Lang's title. *See Court Doc. 3 at 7-9.* Ocwen suggests in support of its motion to dismiss that it is asserting only a mortgage lien on Lang's property and that claim is not sufficient to support a quiet title action. *Id. at 8; Court Doc. 8 at 3-4.* But contrary to Ocwen's arguments, Montana law specifically authorizes a person claiming title to real estate to bring a quiet title action against another party claiming to have any interest, lien, or encumbrance on the property. § 70-28-101, MCA. As a result, Lang's allegation that Ocwen claims to have a lien on the subject property properly states a claim for quiet title.

Lastly, the Court finds unpersuasive Ocwen's arguments regarding Lang's failure to allege satisfaction of the underlying loan. As previously stated, a complaint need not refute affirmative defenses. *Jones*, 549 U.S. at 216-17. And while it is apparent from the face of the Amended Complaint that Lang has not satisfied the underlying loan obligations, *Court Doc. 1-9 at ¶ 25*, Ocwen has not cited, nor has the Court found, any authority establishing this requirement in Montana.

13

*See Court Doc. 3 at 9-10.* The cases cited by Ocwen deal with dissimilar factual and procedural circumstances, such as a motion for default judgment regarding Arizona's Quiet Title statute in *Eason v. IndyMac Bank, FSB*, 2010 WL 4573270 (D. Ariz. 2010), mortgages in *Watson v. MTC Financial, Inc.*, 2009 WL 2151782 at *4 (E.D. Cal. 2009), and California quiet title actions in *Chavez v. Bank of America, N.A.*, 2010 WL 1854087 (E.D. Cal. 2010) at *13-15.

Quiet Title is a creature of statute in Montana, *see* § 70-28-101, MCA, and the authority cited by Ocwen addresses different quiet title statutes in other jurisdictions. Consequently, the Court is unpersuaded by Ocwen's arguments. Furthermore, Lang's amended complaint does not dispute her underlying indebtedness. She does assert that Ocwen does not "possess legal interest in [her] property." *See Court Doc. 1-9 at* ¶ 31. Because this adequately states a quiet title claim, the Court recommends that Ocwen's motion to dismiss be denied with respect to Count II.

### B.    Dismissal of Count III:  MUTP – CPA

#### 1.    Parties' Arguments

Ocwen argues that Lang's claim under the MUTP – CPA must be

dismissed because she has "not alleged any facts demonstrating any improper conduct by [Ocwen]." *Court Doc. 3 at 10.* Ocwen argues that Lang "has not alleged which statutes Defendants allegedly violated, how and by whom they were violated." *Court Doc. 3 at 11.* Ocwen contends that Lang's incorporation of "all ... previous allegations ... by reference[]" is inadequate to meet the pleading requirements under Rule 8. *Court Doc. 8 at 5.* Consequently, Ocwen contends that Lang has not provided an adequate factual basis for this claim.

In response, Lang argues that the MUTP – CPA prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or business." *Court Doc. 6 at 7.* Lang contends that she has provided sufficient factual support for her MUTP – CPA claim – pointing to several specific bases for her claim. *Court Doc. 7 at 8.* Consequently, Lang asserts that her MUTP – CPA claim is not subject to dismissal.

## 2. <u>Analysis</u>

The MUTP – CPA prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce[.]" § 30-14-103, MCA. "[A]n unfair act or practice is one

which offends established public policy and which is either immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Rohrer v. Knudson*, 203 P.3d 759, 764 (Mont. 2009). The Montana legislature enacted these provisions "to protect the public from unfair or deceptive practices." *Tripp v. Jeld-Wen, Inc.*, 112 P.3d 1018, 1026 (Mont. 2005); *see also* § 30-14-201, MCA.

In support of her MUTP – CPA, Lang alleges that Ocwen engaged in deceptive and unfair trade practices in the following ways:

> (a) by an institutional lack of customer service, thwarting Plaintiff's efforts to determine her lawful obligation and indebtedness and the identity of her lawful lender and creditor and to tender the undisputed payments to said entity; (b) instituting foreclosure proceedings against Plaintiff without cause and with documentation that is missing, unexecuted, fraudulent and/or defective under both Florida and Montana law; (c) representing that it possesses the beneficial interest in Plaintiff's home; and/or (d) representing that Plaintiff was indebted to Ocwen by virtue of assignment.

*Court Doc. 1-9* ¶ 34. The Court concludes that these allegations are sufficient to state a plausible claim for relief under the MUTP – CPA. Plaintiff is permitted to incorporate by reference prior factual allegations in her pleading. F. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading

or in any other pleading or motion.")

Lastly, the Court finds Ocwen's argument that Lang has not identified which statute was alleged violated unpersuasive.  Although Lang did not cite to the Montana Code Annotated in her Amended Complaint, she did identify the relevant statute by its popular name. *Court Doc. 1-9 at 9.*  The Court deems this reference sufficient. Accordingly, the Court recommends Ocwen's motion be denied with respect to Count III.

### C.   <u>Dismissal of Count IV – FDCPA</u>

Ocwen argues that Lang's FDCPA claim must be dismissed because Ocwen is not a "debt collector" under the statute.  *Court Doc. 3 at 11.*  So long as Lang's debt was not in default when Ocwen acquired it for servicing, Ocwen argues that "mortgagees and their beneficiaries, including mortgage servicing companies, are not debt collectors subject to the FDCPA." *Court Doc. 3 at 12.*  Also, because Lang's claim stems from allegations of a non-judicial foreclosure, Ocwen argues it is not considered debt collection under the FDCPA.

In response, Lang argues that Ocwen is a debt collector under the FDCPA because according to its own representations in letters to Lang

her loan was in default when Ocwen began servicing it.  *Court Doc. 6 at 10.*  Lang also argues that even if Ocwen is not a debt collector under the FDCPA, she has nonetheless stated a cognizable claim because Ocwen took nonjudicial action to dispossess her of her property without having a present right to possession.  *Court Doc. 6 at 11.*  Lastly, Lang argues that Ocwen's wrongful initiation of foreclosure proceedings and drafting of false documents to effectuate the wrongful foreclosure, subject it to the FDCPA.  Lang argues that the authority relied upon by Ocwen in arguing that nonjudicial foreclosure proceedings are not subject to the FDCPA is not binding on this Court and would "create an enormous loophole in the [FDCPA.]"  *Court Doc. 6 at 12-13.*

Lang contends that even if the Court were to find that Ocwen's foreclosure actions are not subject to the FDCPA, Ocwen's actions seeking monetary payments apart from the foreclosure proceedings subject it to liability under the FDCPA – even under the authority cited by Ocwen.  Additionally, Lang argues that threatening to take or taking nonjudicial action to effect dispossession of property without a present right to possession of the property subjects Ocwen to liability under the FDCPA, and thus her claim is properly stated.  *Court Doc. 6 at 13-14.*

## 2.   __Analysis__

The Court concludes that Ocwen's arguments in support of dismissal of Count IV are affirmative defenses appropriately raised in a responsive pleading, and thus not a proper basis for dismissal of the Amended Complaint.  An affirmative defense is "[a] defendant's assertion of facts and arguments that, if true, will defeat the plaintiff's ... claim, even if all the allegations in the complaint are true." *Black's Law Dictionary* 482 (Bryan A. Garner ed., 9th ed., West 2009).  The court cannot appropriately determine fact questions, such as whether Lang's debt was in default when Ocwen acquired it for servicing, on a motion to dismiss.

Furthermore, Lang has alleged facts which state a plausible claim against Ocwen under the FDCPA.  Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt[,]" 15 U.S.C. § 1692e, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt[,]"  15 U.S.C. § 1692(f), and "[i]t is unlawful to design, compile, and furnish any form knowing that such form would be used to create the false belief in a consumer that a

person other than the creditor of such consumer is participating in the collection of ... a debt ... [,]" 15 U.S.C. § 1692j(a).

First, Lang has alleged that Ocwen is a debt collector. *Court Doc. 1-9* at ¶ 37 ("The Ocwen Defendants are each 'debt collectors' as defined by the [FDCPA]."); *Court Doc. 1-9* at ¶ 9 (Ocwen informed Lang that "it was now servicing her mortgage ... [and] it was a debt collector ... [and] she was in default and would have to pay more than her regular mortgage payment.").  Lang has also alleged sufficient factual support regarding alleged violations of the FDCPA.  For example, Lang has alleged that Ocwen misrepresented, through the affidavit of lost assignment, that it was a duly authorized assignee entitled to foreclose on Lang's property. *Court Doc. 1-9* at ¶ 39.  Lang alleged that in Ocwen's attempt to collect a debt, Ocwen filed "an affidavit which contained false, misleading, and/or fraudulent signatures and/or false acknowledgments[.]" *Court Doc. 1-9* at ¶ 41.  Lang alleged that Ocwen "misrepresent[ed] its right to foreclose on [her] home." *Court Doc. 1-9* at ¶ 41.  Additionally, Lang alleged that Ocwen "institut[ed] nonjudicial foreclosure proceedings against [her] without legal right to do so... ." *Court Doc. 1-9* at ¶ 43.  And, that she has suffered damage as a result of

20

Ocwen's actions.  *Court Doc. 1-9* at ¶ 44.

The Court concludes that these allegations are sufficient to state a plausible claim under the FDCPA.  Whether Ocwen is a debt collector or instituted debt collection activities raises legal and factual questions not properly determined on a motion to dismiss.  Therefore, the Court recommends that Ocwen's motion be denied with respect to Count IV.

### D.    Dismissal of Count V – Malicious and Fraudulent Conduct

#### 1.    Parties' Arguments

Ocwen argues that Lang has not alleged her claim with the particularity required by Rule 9(b).  Ocwen contends that Lang has not satisfied the "who, what, when, where, and how" pleading requirement, and thus this claim must be dismissed.  *Court Doc. 3 at 14.*

In response, Lang argues that she incorporated all prior factual allegations into her Count V claim, and therefore has sufficiently stated a claim for both fraud and punitive damages.  *Court Doc. 6 at 14-15.*

#### 2.    Analysis

Fraud must be plead with particularity.  "[A] party must state with particularity the circumstances constituting fraud ... ."  F. R. Civ.

P. 9(b).  The amount of particularity required depends upon the amount of access a plaintiff has to specific facts.  *See, e.g., Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 999 (9th Cir. 2010) (requirements can be relaxed where evidence is exclusively within defendant's possession).  But, "the circumstances constituting the alleged fraud must be specific enough to give defendants notice of the particular misconduct ... so that they can defend against the charge and not just deny that they have done anything wrong."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Thus plaintiffs must supply a higher-degree of notice when alleging fraud; they must plead the who, what, where, when, and how of the alleged fraud.  *See Ebeid*, 616 F.3d at 999; *Kearns*, 567 F.3d at 1124; *Schaller Tel. Co. v. Golden Sky Systems, Inc.*, 298 F.3d 736, 746 (8th Cir. 2002).

"Rule 9(b) serves three purposes: (1) to provide defendants with adequate notice to allow them to defend the charge and deter plaintiffs from the filing of complaints as a pretext for the discovery of unknown wrongs; (2) to protect those whose reputation would be harmed as a result of being subject to fraud charges; and (3) to prohibit plaintiffs from unilaterally imposing upon the court, the parties and society

enormous social and economic costs absent some factual basis." *Kearns*, 567 F.3d at 1125 (internal quotations omitted).   Despite the higher degree of notice required when alleging fraud, Rule 9 does not abrogate the Rule 8 notice pleading standard – the two rules must be read together.  *See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009).  And, under Rule 12(b)(6), the defendant retains the burden of proving that plaintiff has failed to state a fraud claim. *Anderson*, 2009 WL 2423327 * 2.

The Court concludes that Lang has not pled her fraud claim with sufficient particularity under Rules 8 and 9.  The fraud count consists of two paragraphs.  The first paragraph simply "incorporates the above allegations" of the Amended Complaint.  The second paragraph alleges that Lang should recover punitive damages. *Court Doc. 1-9 at 12, ¶¶ 46-47*.

A federal court looks to state law to see whether the elements of fraud have been pled sufficiently.  *Kearns*, 567 F.3d at 1125.  A party must plead the following nine elements with particularity in order to properly state a fraud claim in Montana:

(1)    a representation;

(2)     the falsity of that representation;

(3)     the materiality of that representation;

(4)     the speaker's knowledge of the representations falsity or ignorance of its truth;

(5)     the speaker's intent that the representation should be acted upon by the person and in the manner reasonably contemplated;

(6)     the hearer's ignorance of the representation's falsity;

(7)     the hearer's reliance upon the truth of the representation;

(8)     the hearer's right to rely upon the representation; and

(9)     the hearer's consequent and proximate injury or damages caused by their reliance on the representation.

*In re Estate of Kindsfather*, 108 P.3d 487, 490 (¶ 17) (Mont. 2005).

Neither the Defendants nor the Court should have to guess at what allegations Lang contends support her fraud claim. But having examined the Amended Complaint, the Court does not find a claim that Lang was ignorant of the falsity of Ocwen's representations or a statement of how she relied upon the truth of those allegations. As a result, the Court finds the Amended Complaint to be deficient under Rules 8 and 9. In light of the foregoing, the Court recommends that Ocwen's motion be granted with respect to Count V, and that Lang be given leave to amend to reallege her fraud claim within 14 days.

## E.     <u>JUDICIAL NOTICE</u>

Upon the request of a party, a court must take judicial notice of

24

adjudicative facts.  F. R. Evid. 201.

> A judicially noticed fact must be one not subject to reasonable
> dispute in that it is either (1) generally known within the
> territorial jurisdiction of the trial court or (2) capable of accurate
> and ready determination by resort to sources whose accuracy
> cannot reasonably be questioned.

*Id.*  Here, Ocwen has asked the Court to take judicial notice of the

"Note" executed by Lang on July 5, 2007, (Court Doc. 3-1) and the

"Cancellation of Notice of Trustee's Sale" executed on October 15, 2010

(Court Doc. 3-2).  Perhaps because Ocwen did not properly file a motion

that the Court take judicial notice (*see Local Rule 7.1),* Lang has not

objected or otherwise responded to Ocwen's request for judicial notice.

"Judicial notice is appropriate for records and reports of

administrative bodies."  *Grant v. Aurora Loan Services, Inc.*, ___ F.

Supp. 2d ___, 2010 WL 3517399 (C.D. Cal. 2010); *see also Angulo v.

Countrywide Home Loans, Inc.*, 2009 WL 3427179 at *3 n.3 (E. D. Cal.

Oct. 25, 2009) (the Deed of Trust and Notice of Default are matters of

public record thus appropriate for judicial notice).  Here, both

documents submitted by Ocwen are adjudicative in nature, and

potentially capable of accurate and ready determination and not

reasonably questioned.  Although Ocwen represents in its request for

judicial notice that these documents "are publicly recorded documents,"
(*see Court Doc. 3-3 at 2)* the documents do not clearly reflect the fact or
manner of recording.  Neither document is accompanied by a proper
certification that it is what it purports to be.  *See* F. R. Evid. 901(b)(7);
F. R. Evid. 902(2); F. R. Evid. 1005.  Consequently, the Court concludes
that Ocwen's request for judicial notice should be denied.

## IV.   CONCLUSION

Based on the foregoing, IT IS RECOMMENDED that Ocwen's
Motion to Dismiss (Court Doc. 3) be DENIED as to Counts II, III, and
IV, and GRANTED as to Count V, with leave to amend to reallege a
fraud claim within 14 days.

IT IS FURTHER RECOMMENDED that Ocwen's request for
judicial notice (Court Doc. 3-3) be DENIED.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall
serve a copy of the Findings and Recommendations of United States
Magistrate Judge upon the parties.  The parties are advised that
pursuant to 28 U.S.C. § 636, any objections to the findings and
recommendations must be filed with the Clerk of Court and copies
served on opposing counsel within fourteen (14) days after service

26

hereof, or objection is waived.

DATED this 8th day of March, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge