IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ALICIA LANG, ) | |
| ) | Cause No. CV-10-151-BLG-RFC-CSO |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER ADOPTING FINDINGS** |
| ) | **AND RECOMMENDATIONS OF** |
| OCWEN FINANCIAL SERVICES, ) | **U.S. MAGISTRATE JUDGE** |
| INC., OCWEN LOAN SERVICING,) | |
| LLC, et al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes before the Court on review of the United States Magistrate Judge's Findings and Recommendation. *Doc. 9*. After a thorough review of Ocwen's[1] Motion to Dismiss (*Doc. 3*), Magistrate Judge Ostby recommends the motion to dismiss be denied as to Counts II, III, and IV, but granted as to Count V. With respect to Count V, Judge Ostby recommends Lang be given 14 days to amend the fraud claim. Finally, Judge Ostby recommends Ocwen's request for judicial notice be denied.

Upon service of a magistrate judge's findings and recommendation, a party

---

[1] For purposes of this Order, both Defendants are referred to as Ocwen.

1

has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Defendants have filed timely objections (*Doc. 10*), to which Lang has responded. *Doc. 11*. Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Ocwen's objections are overruled.

Ocwen does not dispute Judge Ostby's recommendation as to Counts II, III, or V, but lodges two objections against the recommended denial of the motion to dismiss Count IV–the Fair Debt Collection Practices Act ("FDCPA") claim. Ocwen first argues, as it argued to Judge Ostby, that the FDCPA claim must be dismissed because Ocwen is not a "debt collector" as that term is used in the statute, citing *Vega v. Saxon Mortgage Servs., Inc.*, 2009 WL 704171, * 3 (S.D.Cal. March 16, 2009). But, *Perry v. Stewart Title Co.,* upon which *Vega* relies, actually states that "a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned.*" 756 F.2d 1197 (5th Cir. 1985) (emphasis added); *see also Robbins v. Mortgage Electronic Registration Systems, Inc.,* 2009 WL 3757443, *5 (W.D.Mich. 2009) ("Contrary to Defendants' suggestions, [*Perry*] does not hold that mortgage servicing companies are categorically exempt from liability under the FDCPA. It holds that a mortgage

2

servicing company is exempt if the mortgage was not in default at the time that it began servicing the loan." Since Lang's complaint alleges that Ocwen told Lang it was a "debt collector" and that her loan was in default, Judge Ostby correctly ruled that 12(b)(6) dismissal would be improper.

Ocwen also objects to Judge Ostby's conclusion that Lang has sufficiently alleged Ocwen engaged in debt collection activities. As with the issue of whether Ocwen is a "debt collector," Judge Ostby recognized that Ocwen may have a valid affirmative defense on this ground, but that ruling on the defense requires fact finding that is not permitted by Rule 12(b)(6) Fed.R.Civ.P. In its objections, Ocwen again cites several district court decisions holding that the FDCPA does not apply to the enforcement of a security interest through non-judicial foreclosure, *E.g. Hulse v. Ocwen Federal Bank, FSB*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002), but there is Circuit Court authority to the contrary. *See Wilson v. Draper & Goldberg, PLLC*, 443 F.3d 373, 376 (4th Cir. 2006). In light of that authority, this Court agrees Lang has stated a plausible FDCPA claim.

After a *de novo* review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts in their entirety.

**IT IS HEREBY ORDERED** that Ocwen's Motion to Dismiss (*Doc. 3*) is **DENIED** as to Counts II, III, and IV, but **GRANTED** as to Count V, with leave to amend to reallege a fraud claim within 14 days.

**IT IS FURTHER ORDERED** that Ocwen's request for judicial notice (*Doc. 3-3*) is **DENIED**.

The Clerk of Court shall notify the parties of the entry of this Order.

DATED this ___ day of April, 2011.

_____
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE